IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK LARON MILLIGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA, )<br>PA DEPARTMENT OF JUSTICE, )<br>MAYOR BILL PEDUTO, and TOM WOLF, )<br>)<br>Defendants. ) | Civil Action No. 21-744<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Maureen P. Kelly on February 25, 2022. (Docket No. 6). By way of background, *pro se* Plaintiff Malik Laron Milligan commenced this case on June 4, 2021, with the submission of a putative Complaint which was not accompanied by a filing fee or a motion for leave to proceed *in forma pauperis*. (Docket No. 1). As it was unclear from the Complaint whether Plaintiff sought to proceed with a civil rights lawsuit, or sought habeas corpus relief under 28 U.S.C. § 2241, Judge Kelly entered an order on June 10, 2021 (the "June 10th Order") requiring Plaintiff to clarify his intentions by July 12, 2021. (Docket Nos. 2; 2-1; 2-2). After the June 10th Order was returned to the Court as undeliverable, it was resent to Plaintiff at his updated address on July 27, 2021, along with a text order extending his response deadline to August 27, 2021. (Docket No. 4). Although that mailing was not returned to the Court, Plaintiff did not respond to the Court's June 10th Order or otherwise clarify the nature of the requested relief. Accordingly, on October 29, 2021, Judge Kelly issued an Order to Show Cause by November 29, 2021 why this case should not be dismissed for Plaintiff's failure to comply with the June 10th Order. (Docket No. 5). Plaintiff failed to respond to the Order to Show Cause.

1

Given the foregoing, the R&R recommends that this case should be dismissed for Plaintiff's failure to prosecute. (*See* Docket No. 6). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections were due by March 14, 2022. Thereafter, Plaintiff did not file any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). Here, however, because no party filed any objections to the R&R, which explicitly states that "[f]ailure to timely file objections will waive the right to appeal," (Docket No. 6 at 4), this Court reviews the magistrate judge's decision for plain error. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In this case, upon careful review of the R&R and the entire record, and finding no plain error on the face of the record, the Court will accept Judge Kelly's recommendation and adopt the R&R as the Opinion of the Court. In so ruling, the Court agrees with Judge Kelly's determination that this case should be dismissed for Plaintiff's failure to prosecute in view of the factors the Court is to consider pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). As Judge Kelly correctly observed in the R&R: Plaintiff is proceeding *pro se*, thus he bears all responsibility for prosecuting this case and complying with the Court's orders; Plaintiff has refused to clarify the nature of his suit or to comply with the Court's orders, which indicates that he does not intend to proceed with the case in a timely manner; the record indicates that

Plaintiff's failure to comply is willful; and, there is no indication on the record that the imposition of costs or fees likely would be an effective sanction. (Docket No. 6 at 3). For these reasons, this case will be dismissed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 22nd day of March, 2022, IT IS HEREBY ORDERED that the R&R (Docket No. 6) is ADOPTED as the Opinion of the Court. For the reasons set forth in the R&R, IT IS FURTHER ORDERED that the instant action is DISMISSED without prejudice for Plaintiff's failure to prosecute.

To the extent that Plaintiff sought habeas corpus relief under 28 U.S.C. § 2241 in this case, IT IS FURTHER ORDERED that a certificate of appealability is denied for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf:   Malik Laron Milligan (via U.S. mail)  
          191573  
          Allegheny County Jail  
          950 Second Avenue  
          Pittsburgh, PA 15219